Mr. Justice Thacher
delivered the opinion of the court.
This suit at law was commenced by the writ of attachment. The writ was quashed in the circuit court, upon motion, because the affidavit whereon it was issued does not set forth, in so many words, that the facts sworn to were within the personal knowledge of the affiant, or that he had been informed or believed them to be true.
In the affidavit, the affiant swears that the defendant is indebted to him in a sum certain, and that he is about concealing his property, so as to defeat the affiant’s claim. In these particulars, there is the oath of the plaintiff plainly made to the facts. They do not purport to have been sworn to upon the information of others, but carry clearly the presumption that they were within the personal knowledge of the affiant. As they are stated upon the oath of the plaintiff, it is but a fair construction that he believed them to be true. Any other presumption in such a case would be violent, illiberal and unjust.
The statute, it is true, says that the facts upon which an application for an attachment is predicated shall be stated in the affidavit to be within the personal knowledge of the applicant, or that he is informed or believes the facts stated to be true. The addition of such a statement, after a positive affidavit that certain facts exist, would be mere surplusage, which the law never tolerates. The statement can only be required where the body of the affidavit sets out a narrative of facts and circumstances whose truth require the indorsement of the affiant. The substantial requirements of the act are complied with in this affidavit, which is enough to sustain its validity. In other respects the affidavit is sufficient.
The judgment must be reversed, the motion to quash the attachment overruled in this court, and the cause remanded for further proceedings.